**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RONALD SCOTT                                                                                                    PLAINTIFF

v.                                                      **5:05CV00059-WRW**

WASTE MANAGEMENT OF ARKANSAS
SOUTH; and AMERICAN FEDERATION OF
STATE, COUNTY, AND MUNICIPAL EMPLOYEES,
AFL-CIO                                                                                                    DEFENDANTS

**AMENDED ORDER**

This is an action for declaratory, injunctive, and monetary relief brought by Plaintiff against

his former employer, Waste Management, and his union American Federation of State, County and

Municipal Employees, AFL-CIO ("AFSCME" or "the Union").  Plaintiff argues that he was

subjected to racial discrimination and retaliation in violation of Title VII, 42 U.S.C. § 1981, 42

U.S.C. § 1983, the Arkansas Civil Rights Act,[1] and the Equal Protection Clause of the U.S.

Constitution.  Pending is Defendant AFSCME's Motion for Summary Judgment (Doc. No. 20).

Plaintiff has responded (Doc. No. 32).

**I.      Background**

Plaintiff began his employment with Waste Management as a driver on June 6, 2003.

Plaintiff is a member of AFSCME Local 966, which is certified by the National Labor Relations

Board as the bargaining representative of the permanent employees in the commercial and

---

[1]Ark. Code Ann. § 16-123-101, *et seq.*

residential collection job classifications of Waste Management of Arkansas, a private company.[2]

AFSCME Local 966 does not represent any city, county, or state government employees.[3]

Employee pay, benefits, seniority, and promotions are determined by the Union's collective

bargaining agreement with Waste Management.   The Union maintains that throughout Plaintiff's

employment he never complained that he was denied any promotions, pay raises, or benefits for

which he felt entitled or for which he had applied.[4]  All promotions and rates of pay within the jobs

covered by the collective bargaining agreement, are governed by seniority and qualifications under

the collective bargaining agreement.

On June 23, 3004, Plaintiff was terminated for "continued incidents of insubordination and

disrespect" in violation of Waste Management employee conduct rules.[5]   The Union was notified

about the discipline meeting on June 23, 2004, and all three Union representatives - Mr. Rudolph

Morgan, Mr. Morris Sanders, and Mr. Barrett Hudson - attended.[6]   The Union argues that after the

discharge meeting, its representatives tried to talk Plaintiff into letting it file a grievance and that he

---

[2]Doc. No. 33.

[3]Doc. No. 22.

[4]Doc. No. 22; "When Plaintiff had a complaint about not being paid the proper rate of pay under the collective bargaining agreement for working as a Residential Rear Load Driver, instead of filing a grievance through the Union, he refused to accept his payroll check."

[5]*Id.*

[6]Doc. No. 33; Plaintiff admits that at the time he worked for Defendant Waste Management, all the local union representatives were African-American.

refused.[7]  Plaintiff denies the Union's account and maintains that when asked, the Union refused to file a grievance for him.[8]

Plaintiff states that he contacted the EEOC by phone on July 6, 2004, to initiate a charge of discrimination.[9]   In the EEOC Charge Information Form completed on September 13, 2004, Plaintiff named both Waste Management and AFSCME as employers.[10]  Plaintiff's counsel assisted him in completing the EEOC Charge Form.[11]  On November 18, 2004, during an interview with Plaintiff, the EEOC investigator prepared and had Plaintiff sign the document title "Charge of Discrimination."[12]  The Charge of Discrimination Form did not name AFSCME as a party to the alleged discrimination.[13]  A Dismissal and Notice of Rights Form was mailed to Plaintiff on November 24, 2004.[14]  The Notice was sent to the Bill Roma, the Manager of Waste Management but was not sent to AFSCME.[15]

---

[7]Doc. Nos. 22 & 37.

[8]Doc. No. 33, *but see* Doc. No. 34 "After the discharge, I did not formally requested [sic] my Union to file a grievance about my discipline because of prior grievance incidents in which they refused to do so . . . ."

[9]Doc. No. 34.

[10]*Id*, Exhibit 1B.

[11]*Id.* at p. 16.

[12]*Id*.

[13]*Id*. at p. 17.

[14]*Id*. at p. 18.

[15]*Id*.

## II.    Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[16]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[17]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should only be granted when the movant has established a right to the judgment

beyond controversy.[18]  Nevertheless, summary judgment promotes judicial economy by preventing

trial when no genuine issue of fact remains.[19]  I must view the facts in the light most favorable to the

party opposing the motion.[20]   The Eighth Circuit has also set out the burden of the parties in

connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e*.,"[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,

---

[16]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[17]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[18]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[19]*Id.* at 728.

[20]*Id.* at 727-28.

showing that there is a genuine dispute on that issue.  If the respondent fails to carry
that burden, summary judgment should be granted.[21]

Only disputes over facts that may affect the outcome of the suit under governing law will properly

preclude the entry of summary judgment.[22]

**III.     Analysis**

**A.      Title VII**

AFSCME argues that Plaintiff's Title VII claims against it should be dismissed due to his

failure to name AFSCME in the formal EEOC Charge.  A jurisdictional prerequisite to bringing an

action under Title VII is the filing of a charge with the EEOC naming the defendant as respondent.[23]

Failure to do so is proper grounds for dismissal of the claim against the unnamed defendant.[24]

When a person thinks he is a victim of discrimination and contacts the EEOC, he will be

asked to complete an Intake Questionnaire.  The questionnaire asks for the victim's name and

address, etc., the name and address of the alleged discriminator, asks what action was taken against

him that he believes was discriminatory and with what consequence, asks the nature of the

discrimination (race, sex, age, etc.), and asks whether the complainant consents to the disclosure of

his identity to the alleged discriminator.  An EEOC officer reviews the completed form to see

whether the alleged conduct falls under the authority of the EEOC, and if it does,  the complainer

is asked whether he wants to file a formal charge.  If so, a Formal Charge Form is completed and

---

[21]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[22]*Anderson*, 477 U.S. at 248.

[23]42 U.S.C. § 2000e-5(f)(1).

[24]*Chandler v. Fast Lane, Inc.*, 868 F. Supp. 1138, 1141 (E.D. Ark. 1994).

sent to the employer. The completed Intake Questionnaire is the complaint.  The other form, when filled out, is the charge.  The EEOC notifies the named prospective defendant of a charge but not of a complaint.

Intake Questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge.[25]  Title 42 U.S.C. § 2000e-5(b) requires that all administrative charges be "in writing under oath or affirmation."   Only when an Intake Questionnaire is signed under oath can it "constitute a valid charge under Title VII for purposes of the statute of limitations."[26]  In the present case, Plaintiff, with the help of private counsel, named the Union as a respondent in the Intake Questionnaire, but failed to do so on the formal charge.

Because EEOC charges are often filed by parties not represented by counsel, some courts have chosen to take a "flexible stance in interpreting Title VII's procedural provisions,"[27] so as not to frustrate Title VII's goals.   An exception to the general rule that a defendant must be named in the EEOC complaint was created[28] and called the "identity of interest" exception.  This excpetion permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.[29]

---

[25]*See Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 450 (8th Cir. 1998); *Schlueter v. Anheuser-Busch, Inc.*, 132 F.3d 455, 458 (8th Cir. 1998).

[26]*Lawrence*, 132 F.3d at 450 (*quoting Hodges*, 990 F.2d at 1032).

[27]*Egelston v. State University College at Geneseo*, 535 F.2d 752, 754, 755 (2d Cir. 1976).

[28]*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017 (1982).

[29]*See, e.g., Weller v. Cass County Prosecutor's Office*, No. 05-0042-CV-W-FJG, 2005 WL 2090788 (W.D. Mo. August 30, 2005); *Romain v. Kurek*, 836 F.2d 241, 245-46 (6th Cir. 1987) (*per curiam*); *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977); *Maturo v. National Graphics, Inc.*, 722 F.Supp. 916, 925 (D. Conn. 1989); *Garcia v. Gardner's Nurseries*,

Even though the "identity of interest" exception exists, some circuits have refused to liberally

construe administrative charges when the plaintiff had legal representation during the administrative

process.[30]   Plaintiff's counsel should have been aware of the importance of naming AFSCME on

the administrative charge if it was Plaintiff's intent to seek to hold it personally liable.  If the charge

did not accurately reflect Plaintiff's allegations or intentions in initiating the EEOC proceedings, it

was his counsel's responsibility to make the necessary correction.  This is so particularly because

a charge may be amended to cure technical defects[31]  Plaintiff did not amend his charge; therefore,

the preliminary procedural requirements necessary to raise a Title VII claim have not been met.

"Procedural requirements established by Congress for gaining access to the federal courts are not

to be disregarded by courts out of a vague sympathy for particular litigants."[32]   Accordingly,

Plaintiff's Title VII claim against Defendant AFSCME is DISMISSED.

### B.    Section 1983

AFSCME next argues that Plaintiff's § 1983 claims should be dismissed because the Union

is not a state actor as required under the statute.  Only state actors can be held liable under § 1983.[33]

---

Inc., 585 F. Supp. 369, 372 (D. Conn. 1984);*York v. American Tel. & Tel. Co.*, 95 F.3d 948, 956 (10th Cir. 1996).

[30]*Crosten v. Kamauf*, 932 F. Supp. 676, 682 (D. Md. 1996); *see also Harris v. First Nat. Bank of Hutchinson, Kan.*, 680 F. Supp. 1489, 1495 (D. Kan. 1987) (citing attorney's drafting of EEOC charge as one factor for not liberally construing the charge).

[31]*Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 450 (8th Cir. 1998); 29 C.F.R. § 1601.12(b) (1997).

[32]*Bledsoe v. Nucor-Yamato Steel Company*, 18 Fed. Appx. 433 (8th Cir. 2001).

[33]*See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Labor unions are generally regarded as private entities that fall outside of § 1983's reach.[34]

However, "when a private entity such as a union acts in concert with a public agency to deprive

people of their federal constitutional rights, it is liable under § 1983."[35]

When a plaintiff brings a § 1983 claim against an individual or entity that ordinarily does not

act under color of state law, the plaintiff must allege that the entity conspired with state actors to

violate constitutional rights.[36] Plaintiff has not met this burden.  Instead, Plaintiff argues that simply

because the Union represents employees of Waste Management which has an exclusive contract to

"perform inherently governmental functions . . . for the City of Pine Bluff . . ."[37] that AFSCME is

also a governmental entity.  Plaintiff also cites to Defendant's full name "American Federation of

State, County, and Municipal Employees" and argues that its name alone is evidence that it is a state

actor.  Without reaching the merits of whether Waste Management is a state actor, Plaintiff has not

shown that Defendants conspired to deprive him of his constitutional rights.  Moreover, no other

---

[34]*Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1191 (7th Cir. 1984), *aff'd*, 475 U.S. 292 (1986).

[35]*Id.*

[36]*Tower v. Glover*, 467 U.S. 914, 920 (1984); *See, e.g.*, *Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir. 2005) (*quoting Hudson v. Chi. Teachers Union Local No. 1*, 743 F.2d 1187, 1191 (7th Cir. 1984) ("when a private entity such as a union acts in concert with a public agency to deprive people of their federal constitutional rights, it is liable under § 1983 along with the agency.").

[37]Doc. No. 32.

court has ever determined that AFSCME's sister chapters are state actors.[38] For these reasons, Plaintiff's § 1983 claim against AFSCME is DISMISSED.

### C.    Section 1981

AFSCME argues that Plaintiff's § 1981 claim should be dismissed because he has failed to state sufficient facts to support a race discrimination claim.  The Eighth Circuit has held that "§ 1981 does not provide a general cause of action for race discrimination, if in fact it occurred."[39]  "The requirement remains that a plaintiff must point to some contractual relationship in order to bring a claim under § 1981."[40]

A labor organization is liable for an employer's discrimination in the workplace if it causes or attempts to cause the employer to discriminate; or if the union "purposefully acts or refuses to act in a manner which prevents or obstructs a reasonable accommodation by the employer,"[41] or if the union "pursue[s] a policy of rejecting disparate-treatment grievances" meant to vindicate employee rights protected by Title VII.[42]

---

[38]*See*, *Dimps v. Dist. Counsel 37, AFSCME*, No. 01 Civ. 1735 (DC), 2002 WL 206992, at *3 (S.D.N.Y  Feb. 8, 2002); *Philadelphia Fraternal Order of Correctional Officers v. Randell*, No. 96-1781, 1997 WL 1161146 (3rd Cir. Oct. 21, 1997); *Aleem v. International Union of AFSCME*, No. 93-CV-70076-DT, 1994 WL 897987 (E.D. Mich July 5, 1994).

[39]*Green v. Dillard's, Inc.*, ___ F.Supp.2d ___ (W.D. Mo. March 22, 2006); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).

[40]*Id.*

[41]*Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 830-832 (8th Cir. 2002) (*quoting Carter v. Chrysler Corp.*, 173 F.3d 693, 703-04 (8th Cir. 1999)).

[42]*Goodman v. Lukens Steel Co.*, 482 U.S. 656, 669 (1987).

Absent direct evidence of discrimination, § 1981 claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[43] "Under the *McDonnell Douglas* framework, a presumption of discrimination is created when the plaintiff meets the burden of establishing a prima facie case of employment discrimination. A minimal evidentiary showing will satisfy this burden of production."[44] Once the plaintiff establishes a prima facie case of discrimination, "[i]t then falls to the employer to promulgate a non-discriminatory, legitimate justification for its conduct, which rebuts the employee's prima facie case."[45] If the employer meets its burden, "the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination."[46] The plaintiff has the burden of persuasion at all times.[47]   In order to establish a prima facie case of discrimination, Plaintiff must show that: (1) he is a member of a protected group; (2) he was qualified for his position; (3) he was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination.[48]

In the Complaint, Plaintiff alleges that, among other things, the Union failed to fairly represent his interests and "failed to address the ongoing disparate treatment in its bargaining

---

[43]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see Maxfield v. Cintras Corp. No. 2*, 427 F.3d 544, 550 (8th Cir. 2005).

[44]*Id.*

[45]*Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1111 (8th Cir. 2001) (*citing St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)).

[46]*Id.*

[47]*Id.*

[48]*Id.*

process or in its enforcement efforts."[49]  Plaintiff's argument reveals that he believes the Union acquiesced in Waste Management's alleged discrimination.  A review of the facts, however, reveal that Plaintiff never filed a complaint with the Union or asked it to investigate any acts of discrimination.  The current Union President, Mr. Morris Sanders, Jr., swore that Plaintiff had never asked for representation nor had he been refused representation by the Union.[50]

Mr. Rudolph Morgan, the Local Union President at the time Plaintiff was employed at Waste Management, is an African-American.  Mr. George Whale, Pine Bluff site supervisor for Waste Management is an African-American.  At the time Plaintiff worked at Waste Management, 90 % of the members of AFSCME (13 of the 14 members) were African-American.  At the time the Plaintiff worked at Waste Management, all the AFSCME Union Representatives were African-American.  Plaintiff had union representation at every meeting where he was disciplined.  Before his termination, Plaintiff was only reprimand in writing - - he never lost time or pay.

Because "[a] union does not have an affirmative duty to investigate or to remedy an employer's discrimination,"[51] and because Plaintiff has not pled that the Union actively discriminated against him, I cannot find that Plaintiff suffered discrimination or retaliation at the hands of AFSCME.  Plaintiff's § 1981 claim against the Union is DISMISSED.

### D.     Duty of Fair Representation

---

[49]Doc. No. 1.

[50]Doc. No. 37.

[51]*Woods v. Joseph T. Ryerson & Son, Inc.*, No. Civ. 00-2619JNERLE, 2004 WL 1559279 (D. Minn July 9, 2004).

A breach of fair representation claim must be filed within six months of discharge.[52]
Plaintiff was discharged from Waste Management on June 23, 3004, but did not file the Complaint
until February 22, 2005.  Because the Complaint filed outside of the applicable statute of limitations,
Plaintiff's breach of fair representation claim against AFSCME is DISMISSED.

### E.      Arkansas Civil Rights Act

Because AFSCME is not Plaintiff's employer, Plaintiff's Arkansas Civil Rights Act
("ACRA") claim is DISMISSED because liability under the statute does not exist.

## IV.    Conclusion

AFSCME is Dismissed as a Defendant.  Plaintiff's claims against Waste Management
remain.

IT IS SO ORDERED  this 31st day of May 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[52]*McClarin v. White*, No. 4:05CV2278SNL, 2005 WL 3534228 (E.D. Mo. December 21,
2005) (*quoting DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983).